**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| **VICKI CAUM,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:22-cv-00154** |
| | § | |
| **DEUTSCHE BANK TRUST COMPANY** | § | |
| **AMERICAS,** | § | |
| | § | |
| **Defendant.** | § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(a), Defendant Deutsche Bank Trust Company Americas, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass Through Certificates, Series 2004-SL4 ("Deutsche Bank" or "Defendant")[1] files this its notice of the removal of this action from the 239th Judicial District Court of Brazoria County, Texas. Removal is based on the ground diversity jurisdiction exists as there is complete diversity between Plaintiff Vicki Caum ("Plaintiff") and Defendant, and the amount in controversy exceeds $75,000.00, pursuant to 28 U.S.C. Section 1332. Defendant respectfully shows as follows:

### INTRODUCTION

1.    On April 29, 2022, Plaintiff filed her *Plaintiff's Original Petition* (the "Petition") bearing Cause No. 117685-CV in the 239th Judicial District Court of Brazoria County, Texas (the "State Court Action"). A true and correct copy of the Docket Sheet from the State Court Action is attached hereto as Exhibit A. In accordance with 28 U.S.C. Section 1446(a), copies of all process, pleadings, and orders served in the State Court Action, including the Petition, are attached hereto within the contents of Exhibit B.

---

[1] Improperly named as "Deutsche Bank Trust Company Americas"

2.     The allegations in the Petition relate to a deed of trust and foreclosure proceedings on the real property and improvements located at 101 Ridge Road, Manvel, Texas 77578 (the "Property"), more particularly described as:

> LOT FORTY-ONE (41), IN BLOCK TWO (2), OF LEE RIDGE, SECTION ONE (1), A SUBDIVISION IN BRAZORIA COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN VOLUME 15, PAGE 225 OF THE PLAT RECORDS OF BRAZORIA COUNTY, TEXAS.

(*See* Petition at ¶4). Plaintiff brings forth the following causes of action against Defendant: (1) Declaratory Judgment for Quiet Title; (2) Breach of Contract. And (3) Violations of the Texas Property Code §5.065 (*See* Petition generally). The Petition requests the issuance of a temporary injunction refraining Defendant from foreclosing on the Property. (*See* Petition at Prayer).

3.     This Notice of Removal is timely because thirty (30) days have not expired since Plaintiff filed suit and since Defendant appeared herein, making removal proper in accordance with 28 U.S.C. Section 1446(b).

4.     This action is removable to federal court pursuant to diversity jurisdiction conferred by 28 U.S.C. Section 1332.

## BASIS FOR REMOVAL – DIVERSITY JURISDICTION

**A.     Citizenship of Parties**

5.     There is diversity jurisdiction in this Court because there is complete diversity of citizenship between Plaintiff and Defendant, and more than $75,000 is in controversy, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

6.     Plaintiff is a resident and citizen of Texas. (*See* Petition at ¶2).

7.     Defendant Deutsche Bank is the trustee of a trust. When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust.  *Navarro Sav.*

*Assoc. v. Lee*, 446 U.S. 458, 464-66 (1980); *Manufacturers and Traders Trust Co. v. U.S. Bank USA, N.A.*, 564 F. Supp.2d 261, 263 (S.D.N.Y. 2008). Defendant Deutsche Bank is a New York corporation with its principal place of business in California. Therefore, Deutsche Bank is a citizen of New York and California for diversity purposes.

8. Because Plaintiff and Defendant do not share a state citizenship, there is diversity of citizenship.

**B. The amount in controversy exceeds $75,000.00.**

9. The amount in controversy exceeds the sum or value of $75,000.00. Plaintiff seeks, *inter alia*, a declaration that Defendant does not have standing to foreclose. (*See Petition* at ¶20). Plaintiff also seeks actual damages, exemplary damages, attorneys' fees, and costs of court. (*See Petition* at Prayer.)

10. In the Fifth Circuit, when declaratory or injunctive relief is sought, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, "the amount in controversy, in an action for declaratory and injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir.1983); *see also Lamarr v. Chase Home Finance, LLC*, 2008 WL 4057301 (N.D. Miss. 2008) (finding amount in controversy requirement was satisfied where plaintiff sought to set aside foreclosure sale and home appraised for $83,000.00, plus unspecified amount of monetary damages); *Bank of America National Trust and Sav. Assoc. v. Reeves*, 1995 WL 96617, *1 (E.D. La. 1995) (court held that the amount in controversy was met in action seeking to enjoin foreclosure on property because the suit "puts at

issue the entire value of the property on which they attempt to enjoin defendants from foreclosing.").

11.     If Plaintiff is granted the declaratory relief sought, Defendant will be enjoined from pursuing foreclosure and will be deprived of its interest in the Property. The Brazoria County Central Appraisal District values the property at $296,640.00. (Exhibits C, C-1.)  For this reason alone, the amount in controversy exceeds $75,000.00.

12.     It is well established Fifth Circuit precedent that when a plaintiff's complaint does not allege a specific amount of damages, and removal is based on diversity of citizenship, the removing defendant need simply prove that the amount in controversy exceeds $75,000.00 by a preponderance of the evidence.  *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723-24 (5th Cir. 2002); *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

13.     Plaintiff's request for declaratory relief alone exceeds the minimum amount in controversy requirement as set forth above. Moreover, jurisdiction is proper if "it is facially apparent" from the complaint that the "claims are likely above [$75,000]."  *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 639 (5th Cir. 2003) (citations omitted).  When a complaint does not expressly demand an amount in excess of $75,000.00, the defendant "may support federal jurisdiction by setting forth the facts—[either] in the removal petition [or] by affidavit—that support a finding of the requisite amount."  *Id.; see also Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

14.     Plaintiff also seeks exemplary damages.  (*See Pl's Orig. Pet.* at ¶47 and Prayer.) For jurisdictional purposes, the amount in controversy includes exemplary damages.  *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 n.7 (5th Cir. 1998).  Other jury verdicts in Texas relating to consumer loan disputes involving mortgages have resulted in

punitive damages awards far exceeding the jurisdictional minimum. *See, e.g., Home Loan Corp. v. Thompson*, No. 2001-46491, 215th Judicial District, Harris County, Texas (jury awarded $550,000 in punitive damages for fraud and contract claims relating to plaintiff's home mortgage loan); *Moreno v. Kleberg First National Bank of Kingsville*, 105th District of Kleberg County, Texas (jury verdict included $2 million in punitive damages against bank for fraud claims and threats of foreclosure relating to plaintiff's home mortgage loan); *Brown v. Spencer Mortgage & Investments*, No. DV-99-02185-C, 68th Judicial District of Dallas County, Texas (bench trial award of $343,332.00 for mental anguish for fraud claims relating to refinance and wrongful foreclosure of plaintiff's home).

15.     Plaintiff also seeks attorneys' fees.   (*See* Petition at Prayer*).* Attorneys' fees claimed under a contractual or statutory provision are included as part of the amount in controversy.  See *Graham v. Henegar*, 640 F.2d 732, 736 (5th Cir. 1981) (citing *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199 (1933)); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (attorney's fees authorized by statute are considered in determining the amount in controversy); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864 (5th Cir. 2002) (though considering attorney's fees in a putative class action, to like effect).  Similar cases have awarded attorneys' fees exceeding the jurisdictional minimum.  *See, e.g., Moreno v. Kleberg First National Bank of Kingsville*, 105th District of Kleberg County, Texas.  For this reason alone, it is facially apparent from the Petition that Plaintiff's claims exceed the jurisdictional threshold.

16.     Defendant categorically denies that Plaintiff is entitled to an award of damages in any amount whatever, but there can be no question that Plaintiff's Petition places an amount in controversy that significantly exceeds $75,000.00 jurisdictional threshold.

**VENUE**

9.      Venue for removal is proper in this district and division, the United States District Court for the Southern District of Texas, Galveston Division, under 28 U.S.C. Section 1441(a) because this district and division embrace the 239th Judicial District Court of Brazoria County, Texas, the forum in which the removed action was pending.

**NOTICE**

10.      Pursuant to 28 U.S.C. Section 1446(d), a copy of this Notice is being filed with the Clerk of Court for the 239th Judicial District Court of Brazoria County, Texas.

11.      The contents of Exhibit B constitute the entire file of Cause No. 117685-CV in the 239th Judicial District Court of Brazoria County, Texas.

**CONCLUSION**

For the reasons described above, Defendant respectfully requests that this Court take jurisdiction over this matter and proceed as if it had been originally filed herein.

Respectfully submitted,

By: /s/ Nicholas M. Frame
    **MARK D. CRONENWETT**
    Attorney in Charge
    Texas Bar No. 00787303
    Southern District Admission No. 21340
    mcronenwett@mwzmlaw.com

    **NICHOLAS M. FRAME**
    Of Counsel
    Texas Bar No. 24093448
    Southern District Admission No. 3121681
    nframe@mwzmlaw.com

**MACKIE, WOLF, ZIENTZ & MANN, PC**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas  75254
Telephone:  (214) 635-2650
Facsimile:  (214) 635-2686

*Attorneys for Deutsche Bank*

## List of all Counsel of Record

For Plaintiff:

Erick DeLaRue
Texas Bar No: 24103505
2800 Post Oak Boulevard, Suite 4100
Houston, TX 77056
Telephone: 713-899-6727
Email: erick.delarue@delaruelaw.com

For Defendant:

Mark D. Cronenwett
Texas Bar No. 00787303
Southern District Admission No. 21340
Nicholas M. Frame
Texas Bar No. 24093448
Southern District Admission No. 3121681
Mackie Wolf Zientz & Mann, P. C.
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
(214) 635-2650 Telephone
(214) 635-2686 Facsimile
mcronenwett@mwzmlaw.com
nframe@mwzmlaw.com

## <u>INDEX OF DOCUMENTS ATTACHED</u>

Exhibit A      Docket Sheet for Cause No. 117685-CV in the 239th Judicial District Court of Brazoria County, Texas;

Exhibit B      Pleadings in Cause No. 117685-CV in the 239th Judicial District Court of Brazoria County, Texas;

      B-1      Original Petition, April 29, 2022

      B-2      Declaration, April 29, 2022[2];

      B-3      Proposed [Order], April 29, 2022

      B-4      Docket Sheet, April 29, 2022;

      B-5      Certificate, April 29, 2022;

Exhibit C      Declaration of Nicholas M. Frame; and

      C-1      Data Sheet from the Brazoria County, Texas Central Appraisal District web-site on May 12, 2022.

---

[2] Deutsche Bank will supplement this Notice of Removal upon receipt of the Declaration from the Brazoria County District Clerk.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served on May 12, 2022 as stated below on the following:

<u>Via U.S. regular mail</u>:
Erick DeLaRue
2800 Post Oak Boulevard, Suite 4100
Houston, TX 77056
Telephone: 713-899-6727
Email: erick.delarue@delaruelaw.com
*Counsel for Plaintiff*

<u>/s/ Nicholas M. Frame</u>
**NICHOLAS M. FRAME**