IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| VICKI CAUM, | § |
| | § |
| Plaintiff/Counter-Defendant, | § |
| | § |
| v. | § |
| | § |
| DEUTSCHE BANK TRUST COMPANY AMERICAS, | § Civil Action No. 3:22-cv-00154 |
| | § |
| Defendant/Counter-Plaintiff/ Third-Party Plaintiff, | § |
| | § |
| v. | § |
| | § |
| GAREY SALMERON, | § |
| | § |
| Third-Party Defendant. | § |

**DEUTSCHE BANK'S ANSWER, COUNTERCLAIM, AND THIRD-PARTY CLAIM AGAINST VICKI CAUM AND GAREY SALMERON**

Defendant/ Counter-Plaintiff/ Third-Party Plaintiff Deutsche Bank Trust Company Americas, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass Through Certificates, Series 2004-SL4 ("Deutsche Bank" or "Defendant")[1] ("Deutsche Bank") files this its Original Answer to *Plaintiff's Original Petition, Application for Injunctive Relief and Request for Disclosures* (the "Petition"), Counterclaim against Plaintiff/Counter-Defendant Vicki Caum ("Plaintiff"), and Third-Party Claim against Garey Salmeron ("Third-Party Defendant"). Deutsche Bank respectfully shows as follows:

## I. ORIGINAL ANSWER

1.  Paragraph 1 of the Petition contains a statement regarding a state court discovery control plan, which is not applicable to this action that is now pending in this Court.

---

[1] Improperly named as "Deutsche Bank Trust Company Americas"

2. Deutsche Bank admits the statements and allegations in Paragraph 2 of the Petition.

3. Deutsche Bank admits the statements and allegations in Paragraph 3 of the Petition.

4. With respect to the statements and allegations in Paragraph 4 of the Petition, Deutsche Bank states this Court has jurisdiction over this action.[2]

5. With respect to the statements and allegations in Paragraph 5 of the Petition, Deutsche Bank states this Court has jurisdiction over this action.

6. Deutsche Bank admits the statements and allegations in Paragraph 6 of the Petition.

7. With respect to the statements and allegations in Paragraph 7 of the Petition, Deutsche Bank admits that Plaintiff Vicki Caum f/k/a Vicki Salmeron and Garey D. Salmeron executed a Texas Home Equity Note and Texas Home Equity Security Instrument on or about October 14, 1999, originally payable to HomeComings Financial Network, Inc. lender on a loan secured by the real property commonly known as 101 Ridge Road, Manvel, Texas 77578.

8. With respect to the statements and allegations in Paragraph 8 of the Petition, Deutsche Bank admits that it is current legal owner and holder of the Note and beneficiary of Security Instrument. Deutsche Bank denies the remaining statements and allegations in this paragraph and demands strict proof thereof.

9. Deutsche Bank denies the statements and allegations in Paragraph 9 and demands strict proof thereof.

---

[2] Plaintiff omitted numbered paragraph 4 and restarted paragraph numbering under the Relevant Facts Section. Defendant has renumbered the paragraphs in sequential order.

10. With respect to the statements and allegations in Paragraph 10 of the Petition, Deutsche Bank admits that Plaintiff defaulted on her mortgage payments and that Deutsche Bank offered Plaintiff a loan modification. Deutsche Bank denies the statements and allegations in this paragraph and demands strict proof thereof.

11. With respect to the statements in Paragraph 11 of the Petition, Deutsche Bank lacks sufficient information to admit or deny the statements and allegations in this paragraph. To the extent a further response is required, Deutsche Bank denies the statements and allegations in this paragraph and demands strict proof thereof.

12. With respect to the statements in Paragraph 12 of the Petition, Deutsche Bank admits that Subject Property was posted for foreclosure sale for May 3, 2022. Deutsche Bank denies the remaining statements and allegations in this paragraph and demands strict proof thereof.

13. Paragraph 13 of the Petition contains legal conclusions, and a response is not required. To the extent that a response is required, Deutsche Bank denies the statement and allegations in this paragraph and demands strict proof thereof.

14. Deutsche Bank denies the statements and allegations in Paragraph 14 and demands strict proof thereof.

15. Deutsche Bank denies the statements and allegations in Paragraph 15 and demands strict proof thereof.

16. Paragraph 16 of the Petition contains legal conclusions, and a response is not required. To the extent that a response is required, Deutsche Bank denies the statement and allegations in this paragraph and demands strict proof thereof.

17. Deutsche Bank incorporates by reference its responses and answers in the prior paragraphs.

18. Deutsche Bank denies the statements and allegations in Paragraph 18 and demands strict proof thereof.

19. Paragraph 19 of the Petition contains legal conclusions and a request for relief. Thus, a response is not required. To the extent that a response is required, Deutsche Bank denies the statement and allegations in this paragraph and demands strict proof thereof. Deutsche Bank further denies that Plaintiff is entitled to the relief requested in this paragraph.

20. Paragraph 20 of the Petition contains legal conclusions and a request for relief. Thus, a response is not required. To the extent that a response is required, Deutsche Bank denies the statement and allegations in this paragraph and demands strict proof thereof. Deutsche Bank further denies that Plaintiff is entitled to the relief requested in this paragraph.

21. Paragraph 21 of the Petition contains legal conclusions and a request for relief. Thus, a response is not required. To the extent that a response is required, Deutsche Bank denies the statement and allegations in this paragraph and demands strict proof thereof. Deutsche Bank further denies that Plaintiff is entitled to the relief requested in this paragraph.

22. Paragraph 22 of the Petition contains legal conclusions and a request for relief. Thus, a response is not required. To the extent that a response is required, Deutsche Bank denies the statement and allegations in this paragraph and demands strict proof thereof. Deutsche Bank further denies that Plaintiff is entitled to the relief requested in this paragraph.

23. Paragraph 23 of the Petition contains legal conclusions and a request for relief. Thus, a response is not required. To the extent that a response is required, Deutsche Bank denies

the statement and allegations in this paragraph and demands strict proof thereof. Deutsche Bank further denies that Plaintiff is entitled to the relief requested in this paragraph.

24. Deutsche Bank incorporates by reference its responses and answers in the prior paragraphs.

25. Paragraph 25 of the Petition contains legal conclusions, and a response is not required. To the extent that a response is required, Deutsche Bank denies the statement and allegations in this paragraph and demands strict proof thereof.

26. Deutsche Bank incorporates by reference its responses and answers in the prior paragraphs.

27. Paragraph 27 of the Petition contains recitation of statutory and legal authority, and a response is not required. To the extent that a response is required, Deutsche Bank denies the statement and allegations in this paragraph and demands strict proof thereof.

28. Deutsche Bank denies the statements and allegations in Paragraph 28 and demands strict proof thereof.

29. Deutsche Bank denies that Plaintiff is entitled to the relief requested in Paragraph 29 of the Petition.

30. Deutsche Bank denies that Plaintiff is entitled to the relief requested in Paragraph 30 of the Petition.

31. Deutsche Bank denies that Plaintiff is entitled to the relief requested in Paragraph 31 of the Petition.

32. Deutsche Bank denies the statements and allegations in Paragraph 32 and demands strict proof thereof.

33. Paragraph 33 of the Petition contains a statement regarding a state court discovery request, which is not applicable to this action that is now pending in this Court.

34. Deutsche Bank incorporates by reference its responses and answers in the prior paragraphs.

35. Deutsche Bank denies that Plaintiff is entitled to the relief requested in Paragraph 35 of the Petition. To the extent that a response is required, Deutsche Bank denies the statement and allegations in this paragraph and demands strict proof thereof.

36. Deutsche Bank denies that Plaintiff is entitled to the relief requested in Paragraph 36 of the Petition.

37. Deutsche Bank denies that Plaintiff is entitled to the relief requested in Paragraph 37 of the Petition.

38. Deutsche Bank denies the statements and allegations in Paragraph 38 and demands strict proof thereof.

39. Deutsche Bank denies the statements and allegations in Paragraph 39 and demands strict proof thereof.

40. Paragraph 40 contains a request concerning a temporary restraining order bond in the state court action. Thus, a response is not required.

41. Deutsche Bank denies that Plaintiff is entitled to the relief requested in Paragraph 41(A-E) of the Petition.

## II. DEFENSES

Deutsche Bank asserts the following affirmative defenses:

1. Deutsche Bank denies that all conditions precedent to a right of recovery have been satisfied.

2. Plaintiff's claims are barred by the applicable statutes of limitations.

3. Plaintiff's claims are barred by the statute of frauds.

4. Plaintiff's claims are barred or any failure to perform is excused because one or more of the material obligations of the note and security instrument have not been satisfied.

5. Plaintiff's claims are barred or any failure to perform is excused by the doctrines of affirmation, ratification, and waiver.

6. Plaintiff's claims are barred by novation.

7. Plaintiff's claims are barred or any failure to perform is excused by the waiver provisions contained in the security instrument at issue in this lawsuit.

8. Plaintiff's claims are barred or any failure to perform is excused by the doctrine of accord and satisfaction.

9. Plaintiff's claims are barred by the election of rights doctrine.

10. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, judicial estoppel, contractual estoppel and/or quasi estoppel.

11. Plaintiff's breach of contract claim fails because Plaintiff seeks to retain the benefits of the agreement.

12. One of more of Plaintiff's claims are barred by the "one satisfaction" and "con-tort" doctrines, and "economic loss" rule.

13. Plaintiff failed to mitigate her alleged damages.

14. Deutsche Bank claims all offsets and credits available to it.

15. Deutsche Bank is not liable for the acts, omissions, or conduct of other persons or entities not authorized to act on behalf of them; pleading further, and in the alternative, Deutsche Bank is not liable for the acts, omissions, or conduct of its agents who exceeded the scope of their authority.

16. Plaintiff's damages, if any, were proximately caused by the acts, omissions, or breaches of other persons and entities, including Plaintiff, and the acts, omissions, or breaches were intervening and superseding causes of Plaintiff's damages, if any.

17. Plaintiff's damages, if any, were proximately caused by the acts, omissions, or breaches of other persons and entities, including Plaintiff, and said acts, omissions, or breaches were intervening and superseding causes of Plaintiff's damages, if any. Deutsche Bank asserts its right to comparative responsibility as provided in Chapter 33 of the Texas Civil Practice and Remedies Code and requests that the fact finder apportion responsibility as provided in Chapter 33.

18. Deutsche Bank's actions and omissions were undertaken in good faith, with the absence of malicious intent to injure Plaintiff, and constitute lawful, proper and justified means to further the business purposes of Deutsche Bank.  Any purported conduct of individuals who were or are agents of Deutsche Bank were privileged, and those individuals were and are justified in engaging in the conduct attributed to them. Deutsche Bank pleads all statutory and common law privileges that may apply to its conduct and those of its agents.

19. Any allegedly wrongful acts or omissions of Deutsche Bank, if and to the extent such acts and omissions occurred, were legally excused or justified.

20. Deutsche Bank would show its conduct or activity conformed at all times to any and all applicable state and federal statutes, codes, and regulations.

21. Plaintiff's claims are barred, in whole or in part, by the doctrines of judicial estoppel, res judicata, and collateral estoppel.

22. Plaintiff lacks clean hands to bring an action in equity.

23. Plaintiff's claims must fail due to the Plaintiff's failure to tender amount(s) admittedly owed.

24. Some or all of Plaintiff's claims are barred by the doctrine of laches.

25. Any alleged wrongful acts or omissions of Deutsche Bank, if and to the extent such acts or omissions occurred, were not intentional and resulted from a bona fide error.

26. Any and all claims alleged in Plaintiff's Petition are barred, in whole or in part, to the extent he seeks an improper punitive or multiple damages award for an alleged single wrong because such an award would violate Deutsche Bank's rights guaranteed by the United States Constitution, including, without limitation, the due process and equal protection provisions of the Fourteenth Amendment and the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution, and Deutsche Bank's rights to the Due Course of Law under the Texas Constitution.

27. Plaintiff is not entitled to punitive or multiple damages, and any and all excessive amounts of such damages sought herein violate chapter 41 of the Texas Civil Practice and Remedies Code, the Texas Constitution and the United States Constitution, all of which set limits on the award of punitive damages. Deutsche Bank hereby invokes the caps on damages as provided in Chapter 41 of the Texas Civil Practice and Remedies Code, the Texas Constitution and the United States Constitution.

28. Plaintiff has failed to state a claim upon which relief may be granted.

## III. COUNTERCLAIM AND THIRD-PARTY CLAIM

### A. Parties and Jurisdiction

1. Deutsche Bank Trust Company Americas, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass Through Certificates, Series 2004-SL4 ("Deutsche Bank") is the Defendant/ Counter-Plaintiff/ Third-Party Plaintiff in this case.

2. Plaintiff/Counter-Defendant Vicki Caum ("Plaintiff") has previously appeared in this cause. She may be served through her counsel of record in this case.

3. Third-Party Defendant Garey Salmeron ("Third-Party Defendant") is a mortgagor under the Security Instrument. He is an individual and citizen of Texas and he may be served with process at his residence at 101 Ridge Road, Manvel, Texas 77578. Summons is requested.

4. This Court has jurisdiction over this cause and the parties, as further detailed in the Notice of Removal [ECF Document No. 1]. 28 U.S.C. § 1331.

### B. Summary of Facts

5. On or about October 14, 1999, Plaintiff and Third-Party Defendant ("Borrowers") executed a *Texas Home Equity Note (Cash Out – Fixed Rate – First Lien)* ("Note") in the amount of $104,800.00 originally payable to HomeComings Financial Network, Inc. ("HomeComings") as lender on a loan secured by the real property commonly known as 101 Ridge Road, Manvel, Texas 77578 (the "Property"), more particularly described as:

> LOT FORTY-ONE (41), IN BLOCK TWO (2), OF LEE RIDGE, SECTION ONE (1), A SUBDIVISION IN BRAZORIA COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN VOLUME 15, PAGE 225 OF THE PLAT RECORDS OF BRAZORIA COUNTY, TEXAS.
> (the "Property").

5. Concurrently with the Note, Borrowers executed that certain *Texas Home Equity Security Instrument (Cash Out – First Lien)* (the "Security Instrument" and together with the Note, the "Loan Agreement"), as grantors, granting a security interest in the Property. On March 21, 1999, the Security Instrument was recorded in the Official Public Records of Brazoria County, Texas under Instrument Number 99-047925.

6. The Security Instrument names HomeComings as the beneficiary of the Loan Agreement. HomeComings transferred and assigned the Loan Agreement to Bankers Trust Company, as Trustee ("Bankers Trust"). This *Assignment of Deed of Trust* was recorded in the Official Public Records of Brazoria County, Texas on April 5, 2002, under Instrument Number 02-016458.

7. Subsequently, Bankers Trust transferred and assigned the Loan Agreement to Deutsche Bank. The *Assignment of Deed of Trust* was recorded on February 7, 2022, in the Official Public Records of Brazoria County, Texas, under Instrument Number 2011005065.

8. A corrected Assignment of Deed of Trust was subsequently recorded to correct the recorded Deed of Trust date and Assignee on the Assignment. On December 30, 2016, the [Corrected] *Corporate Assignment of Deed of Trust* was recorded in the Official Public Records of Brazoria County, Texas under Instrument No. 2016064088.

9. Deutsche Bank is the current legal owner and holder of the Note and beneficiary of Security Instrument. Plaintiff is also the mortgagee as that term is defined in section 51.0001(4) of the Texas Property Code.

6. Under the terms of the Note and Deed of Trust, Borrowers were required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

7. The Loan Agreement further provides that should Borrowers fail to make payments on the Note as they became due and payable or fail to comply with any or all of the covenants and conditions of the Deed of Trust, then the lender may enforce the Deed of Trust, selling the Property pursuant to applicable law and in accordance with the provisions set out in the Loan Agreement.

8. Borrowers failed to timely make all required payments under the terms of the Loan Agreement. Notice of default and intent to accelerate was provided to Borrowers. Borrowers did not cure the default and, as a result, the debt was accelerated. As a result, Borrowers were given notice that the maturity date of the Note had been accelerated, thus making all unpaid principal and accrued interest due and payable.

9. Deutsche Bank now files this counterclaim seeking an order for foreclosure pursuant to the Loan Agreement.

**C. Cause of Action—Declaratory Judgment**

10. The foregoing paragraphs are incorporated by reference for all purposes.

11. The Loan Agreement is a valid contract between the parties. The Loan documents provide that should Borrowers fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Deed of Trust, that the lender may enforce the Deed of Trust by selling the Property according to law and in accordance with the provisions set out in the Loan.

12. Deutsche Bank seeks a declaration that Borrowers are in default under the terms of the Loan Documents.

13. Deutsche Bank seeks a further declaration it is entitled to foreclose on the Loan Agreement and sell the Property.

### D. Cause of Action—Foreclosure

14. The foregoing paragraphs are incorporated by reference for all purposes.

15. Deutsche Bank asserts a cause of action for foreclosure against Borrowers The Loan is a contract, and Deutsche Bank fully performed its obligations under it. Borrowers, however, did not comply with the Loan by failing to substantially perform material obligations required under its terms (principally, the payment of amounts due under the contract, among others).

16. Deutsche Bank seeks a judgment for judicial foreclosure allowing it to enforce its lien against the Property in accordance with the Security Instrument and Texas Property Code section 51.002.

17. Alternatively, Deutsche Bank seeks a judgment for foreclosure together with an order of sale issued to the Brazoria County sheriff or constable, directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt, pursuant to Texas Rule of Civil Procedure 309.

18. Deutsche Bank has been forced to hire the undersigned attorneys to seek an order allowing foreclosure as a result of the default on the Loan Agreement. Deutsche Bank is therefore entitled to and seeks judgment against Borrowers for its reasonable attorney fees in this action, both through trial and in the event of a subsequent appeal.

19. All conditions precedent to Deutsche Bank's right to enforce the Loan Agreement and to obtain the relief requested herein have been performed or have occurred.

**WHEREFORE, PREMISES CONSIDERED,** Deutsche Bank prays the Court enter judgment that: Plaintiff take nothing on her claims; the Court declare Borrowers are in default on the Loan and Deutsche Bank is entitled to foreclose; Deutsche Bank have and recover judgment against Borrowers allowing it to proceed with foreclosure in accordance with the Deed of Trust

and Texas Property Code section 51.002, or judicial foreclosure under Texas Rule of Civil Procedure 309, plus Deutsche Bank recover its interest and attorney fees, and all costs of suit. Deutsche Bank further requests such other and further relief to which it may be entitled.

    Respectfully submitted,

By: */s/ Nicholas M. Frame*
    **MARK D. CRONENWETT**
    Attorney in Charge
    Texas Bar No. 00787303
    Southern District Admission #21340
    mcronenwett@mwzmlaw.com

    **NICHOLAS M. FRAME**
    Of Counsel
    State Bar No. 24093448
    Southern District Admission #312161
    nframe@mwzmlaw.com

    **MACKIE WOLF ZIENTZ & MANN, P.C.**
    14160 North Dallas Parkway, Suite 900
    Dallas, TX 75254
    Telephone: (214) 635-2650
    Facsimile: (214) 635-2686

    *Attorneys for Deutsche Bank Trust Company Americas, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass Through Certificates, Series 2004-SL4*

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 12, 2022, a true and correct copy of the foregoing document was delivered via ECF notification to all counsel of record listed below:

Via ECF Notification:
Erick DeLaRue
Texas Bar No: 24103505
2800 Post Oak Boulevard, Suite 4100
Houston, TX 77056
Telephone: 713-899-6727
Email: erick.delarue@delaruelaw.com

*/s/ Nicholas M. Frame*
**NICHOLAS M. FRAME**